UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
XAI MONTALVO,

       Plaintiff,         **<u>COMPLAINT</u>**

   -against-


THE CITY OF NEW YORK,
JOHN AND JANE DOES 1-5,

       Defendants.
------------------------------------------------------x

  The plaintiff, XAI MONTALVO by her attorney, VIK PAWAR, ESQ., complaining of the defendants respectfully alleges, upon information and belief: Plaintiff brings this lawsuit under 42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of his rights under the U.S. Constitution.  Plaintiff invokes the Court's supplemental jurisdiction under Section 1367 for his state law claims.

1.  Plaintiff XAI MONTALVO is presently a resident of Queens County and State of New York.

2.  Defendant CITY OF NEW YORK ("CITY") is a municipal corporation who oversees the NYPD.

3.  Defendants JOHN and JANE DOES 1-5 are/were NYPD officers at the time of the incident.

4.  Plaintiff has had a difficult background.

5.  Her parents died when she was a minor.

6.  She shuttled between foster homes growing up.

7.  On March 21, 2025, plaintiff and her husband at the time called 911 because they had a temporary order of protection against an individual female named "LaLa".

8.      The call was being placed because LaLa was making terroristic threats and bullying plaintiff.

9.      The NYPD from the 30th precinct arrived nearly 2 hours later.  They reviewed cameras and took down a report.

10.     On April 1, 2025, defendants from the 30th precinct broke into plaintiff's apartment at 6 in the morning.

11.     Plaintiff and her husband were both asleep and naked.

12.     Defendants pulled them out of the bed and ransacked the apartment apparently looking for a weapon.

13.     Defendants also kicked plaintiff's service dogs.

14.     Defendants accused plaintiff of being part of a "gang."

15.     Plaintiff was then transported to the 30th precinct where she was finger-printed, photographed and processed.

16.     Plaintiff was held in custody for approximately 80 hours.

17.     The fabricated charges against her were ultimately dismissed.

18.     Plaintiff has complied with the notice of claims requirement by duly serving a notice of claim, volunteering to appear for a 50-h hearing and commencing this action within one year and ninety days from the date of the incident. The CITY has failed to or otherwise ignored to settle or adjust these claims.

## AS AND FOR THE FIRST CAUSE OF ACTION
(False Arrest/Seizure under 42 U.S.C. 1983)

19.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

20.     The individual Defendants unlawfully seized and arrested plaintiff.

21.     Plaintiff had not committed a crime or broken any laws of the City of New York.

22.     Plaintiff was a victim and had filed a police report earlier that year.

23.     As a result of defendants' conduct plaintiff was unlawfully arrested for approximately 80 hours.

24.     Defendants fabricated charges against plaintiff.

25.     As a result of defendants' conduct plaintiff suffered constitutional injuries.

**AS AND FOR THE SECOND CAUSE OF ACTION**
(Respondeat Superior liability under the laws of the State of New York)

26.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

27.     Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused plaintiffs irreparable physical and emotional injuries.

**AS AND FOR THE THIRD CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

28.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

29.     Defendant City owed a duty to individuals like plaintiff.

30.     Defendant City breached its duty when individual Defendants engaged in and participated in the violation of Plaintiffs rights.

31.     As a result, plaintiff suffered injuries.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
(Unlawful imprisonment)

32.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

33.     Defendants confined plaintiff.

34.     Plaintiff was aware of his confinement and did not consent to the confinement which was neither privileged nor lawful.

35.     As a result of defendants' conduct plaintiff suffered injuries.

### AS AND FOR THE FIFTH CAUSE OF ACTION
(Assault and Battery)

36.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

37.     The Defendants committed acts that caused harm to plaintiff.

38.     The Defendants intended to inflict injury or pain on plaintiff.

39.     As a reason of the assault by the Defendants plaintiff was apprehensive and suffered physical and emotional injuries.

### AS AND FOR THE SIXTH CAUSE OF ACTION
(Failure to Intervene)

40.     Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

41.     The defendants saw that plaintiff was unconstitutionally seized.

42.     Defendants knew that the conduct of other officers was illegal.

43.     Defendants knew that they had an opportunity to intervene and prevent further harm to plaintiff.

44.     Yet the defendants ignored their duty and allowed plaintiff to suffer harm and their failure to intervene caused plaintiff harm.

### AS AND FOR THE SEVENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

45.    Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

46.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

47.    The aforementioned conduct was committed by DOE Defendants while acting within the scope of their employment by Defendant City.

48.    The aforementioned conduct was committed by DOE Defendants while acting in furtherance of their employment by Defendant City.

49.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

50.    As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of New York)

51.    Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

52.    Defendant City owed a duty to individuals like plaintiff to properly screen, train, hire and then appropriately discipline its employees.

53.    Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining, and retention of the aforesaid individual DOE Defendants who conducted and participated in the violation of Plaintiffs rights.

54.    As a result, plaintiff suffered injuries.

WHEREFORE, Plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

      a.      Full and fair compensatory damages in an amount Two Hundred Thousand Dollars for each and every cause of action for each plaintiff against defendants (individually or collectively) or as determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Reasonable attorney's fees and the costs, expenses and disbursements of the action; and

      d.      Such other and further relief as appears just and proper.

Dated:   June 17, 2026
         New York, New York 10007

Respectfully,
*/s Vik Pawar*
Vik Pawar Law
20 Vesey Street, Suite 500
New York, New York 10007
212 571 0805
www.pawarlaw.com